IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

RECEIVED

2019 JUN 20  A 9: 39

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JEFFCOAT ENTERPRISES, INC.,

     **Plaintiff,**

v.

LINVILLE MEMORIAL FUNERAL
HOME, INC.; BRAD LINVILLE, In His
Individual Capacity and as President of
Linville Memorial Funeral Home, Inc.;
MADONNA LINVILLE, In Her Individual
Capacity and as an Agent/Employee of
Linville Memorial Funeral Home, Inc.;

     **Defendants.**

Case No.: 2:19-CV-431

**JURY DEMAND**

## COMPLAINT

COMES NOW Plaintiff Jeffcoat Enterprises, Inc. and brings this complaint against Defendants as follows:

### PARTIES

1.    Plaintiff Jeffcoat Enterprises, Inc. ("Jeffcoat") is an Alabama corporation with its principal place of business in Elmore County, Alabama, and was doing business at all times relevant to this Complaint.

2.    Defendant Linville Memorial Funeral Home, Inc. ("Linville") is an Alabama corporation with its principal place of business in Eclectic, Alabama, and was doing business in Elmore County at all times relevant to this Complaint.

3.      Defendant Brad Linville, in his capacity as President of Linville Memorial Funeral Home and individually, resides in Elmore County, Alabama, oversees the operations of Linville Memorial, and was President thereof at all times relevant to this Complaint.

4.      Defendant Madonna Linville, in her capacity as an employee/agent of Linville Memorial and individually, resides in Elmore County, Alabama, and was an employee/agent of Defendant Linville at all times relevant to this Complaint.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in this Court under 28 U.S.C. §1331.

6.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because a substantial portion of the facts and circumstances that give rise to the cause of action occurred in this District.

## FACTS

7.      Brad Linville worked for Jeffcoat Enterprises from January 1999 through July 2009.

8.      Madonna Linville worked for Jeffcoat Enterprises from May 2002 through October 2009.

9.      Upon the Linville's leaving employment at Jeffcoat, Jeffcoat immediately changed all the alarm codes, phone codes, and passwords as Brad Linville and Madonna Linville were no longer authorized to access Jeffcoat's private answering service, which is the lifeblood of Jeffcoat's business.

10.     Funeral Call, Jeffcoat's answering service at all times relevant to the Complaint, is an answering service facility providing electronic communication services for the funeral

2

home industry that receives telecommunications and records, saves, and stores messages for its clients in electronic format.

11.     However, a short time after Jeffcoat's answering service experienced a technical issue which caused all the voicemail passwords to revert back to their basic account number.

12.     Jeffcoat intended to, and did, keep all passcodes to its voicemail system private and confidential so as not to be accessible to anyone but Jeffcoat employees; however, Defendants Brad Linville and/or Madonna Linville, as former employees of Jeffcoat would have known and/or used the account numbers for Jeffcoat's voicemail service while employed by Jeffcoat.

13.     When Jeffcoat inquired as to the issue with the voicemail service the answering service told them they had to use their account number as their password until the answering service could fix the technical issue with the password system.

14.     The answering service used by Jeffcoat is designed for the funeral home industry and services many funeral homes throughout the industry, including in Alabama.

15.     Brad and Madonna Linville were familiar with how the answering service operates and knew the default passcode for Jeffcoat's answering service was their account number.

16.     Linville Funeral Home operates in the same general area as Jeffcoat and is competition to Jeffcoat.

17.     Jeffcoat Funeral Home has been in operation since 1969 and is well known in the funeral services industry in Elmore and surrounding counties.

18.     Defendant Linville Funeral Home was started by the former employees of Jeffcoat Funeral Home, Defendants Brad and Madonna Linville, in 2009.

3

19.    When checking messages for the funeral home Mrs. Jeffcoat would resave them as new so her husband would know that there were new messages regarding business for the funeral home.

20.    On or around December 9, 2017, Funeral Call, the funeral home answering service for Jeffcoat Funeral Home, had a message for Jeffcoat on its answering service regarding a deceased body that was for Jeffcoat to pick up at a local nursing home facility.

21.    However, Jeffcoat did not receive the initial voicemail message from the call.

22.    Instead, the answering service's records show a number that is believed to belong to Linville and/or one of its employees, agents, or owners, to wit: Brad or Madonna Linville, xxx-xxx-0271 (the "0271 number"), called into the answering service entering the account number for Jeffcoat to access without authorization the voicemail messages for Jeffcoat Funeral Home.

23.    The call was received by the answering service approximately sometime around or between 10:09 p.m. CST and 10:21 p.m. CST.

24.    However, the owners and employees of Jeffcoat knew nothing about the message that was accessed without authorization since the unauthorized user failed to resave it as new message like the employees of Jeffcoat do so they ensure someone will retrieve the body; instead, the message was not resaved as new.

25.    The next day, December 10, 2017, the facility called Jeffcoat during business hours to ask why no one had been by to retrieve the body resulting in damage to the good reputation of Jeffcoat to be prompt and punctual in retrieving bodies from area facilities.

26.    The employees of Jeffcoat did not know to what they were referring as they were not contacted again that evening since the answering service employees believed Jeffcoat had

4

checked their voicemail system when it was actually someone not authorized to access their system who accessed the electronic message without permission and did not resave the message.

27.     At this time, Jeffcoat realized that someone outside their funeral home had accessed their messages without authorization and failed to retain the message so they did not know there was a body to be picked up until the facility called the next day during business hours.

28.     Jeffcoat contacted the answering service to change all passcodes that had been reset to the default account numbers following the technical glitch with the answering service that had reverted the passcodes to the default settings.

29.     Jeffcoat began an investigation into what had occurred on December 9, 2017 with the message from the facility stored on Funeral Call's system having been accessed without authorization.

30.     Jeffcoat contacted the funeral home answering service and requested call logs for the number that called in on December 9, 2017 as well as logs for all calls in order to see what numbers had been calling their system to access their messages without authorization.

31.     Jeffcoat's investigation into the unauthorized access calls into its system along with the unauthorized and/or unknown numbers revealed information that employees and/or agents of Defendants Linville Funeral Home, including but limited to, Brad Linville, and/or Madonna Linville had been accessing their voice mails without authorization - likely doing so for a period of years.

32.     The telephone logs revealed the 0271 number accessed Jeffcoat's messages with its answering service without authorization from approximately June 4, 2016 through December

9, 2017 calling in over 150 times with calls lasting from 30 seconds to over 9 minutes and most calls lasted well over 2 minutes.

.    33.    The logs further show that the main business number of Defendant Linville Funeral Home, 334-639-4730, accessed Jeffcoat's messages without authorization from June 30, 2016 through October 22, 2017 calling in approximately 8 times with calls lasting from 30 seconds to over 5 ½ minutes.

34.    Another number believed to belong to employees and/or agents of Defendants Linville Funeral Home, including but limited to, Defendants Brad and/or Madonna Linville, xxx-xxx-6618 (the "6618 number") accessed Jeffcoat's voicemail messages without authorization on January 8, 2016 lasting for over 2 minutes while checking Jeffcoat's voicemail.

35.    There is a record of blocked numbers accessing Jeffcoat's messages without authorization more than 150 times from April 29, 2015 through January 30, 2018 with the calls lasting from 30 seconds to over 5 ½ minutes.

36.    Defendant Madonna Linville having worked for Jeffcoat knew Jeffcoat's account number with the answering service and also knew the practice at Jeffcoat to save voicemails as "new" after listening to them so Mr. Jeffcoat would also know to listen to the voicemails to know when and where there was a body to be retrieved for the funeral home.

37.    Employees and/or agents of Defendants Linville Funeral Home, including but limited to, Brad Linville, and/or Madonna Linville were intentionally and willfully accessing without authorization the electronically stored voicemails of Jeffcoat Funeral Home for the purpose of interfering with and taking business from Jeffcoat Funeral Home and were only discovered the one time they forgot to resave the message as new but deleted the message instead of resaving it.

6

38.    Defendants Brad Linville and Madonna Linville were equity owners, employees and/or agents of Defendant Linville Memorial Funeral Home at all times relevant to this Complaint.

39.    All actions taken by employees and/or agents of Defendants Linville Funeral Home, including but limited to, Brad Linville, and/or Madonna Linville were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of federal and/or state law and/or that they knew or should have known that their actions were in reckless disregard of federal and/or state law.

40.    Defendants Linville Memorial Funeral Home, Brad Linville, and/or Madonna Linville have engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff and as such is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by Defendant and similar companies.

41.    Plaintiff has suffered actual damages as a result of these illegal actions as outlined in this Complaint by Defendants Linville Memorial Funeral Home, Brad Linville, and/or Madonna Linville in the form of expenditures on the investigation into the unauthorized access of its stored communications with Funeral Call, expenditures on corrective measures, expenditures for counsel regarding the incident, reputational damage, lost business, lost business opportunities, anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions.

## COUNT I

## VIOLATIONS OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. §2701, et seq.

42.     The Stored Communications Act, 18 U.S.C. §2701, et seq., makes it unlawful for an authorized person or entity to access without authorization the voice messages of another person or entity.

43.     Defendants Linville Memorial Funeral Home, Brad Linville, and/or Madonna Linville impermissibly, unlawfully, and without authorization accessed Plaintiff's voicemail messages stored on Funeral Call's electronic communication system in violation of under 18 U.S.C. §2701(a).

44.     Defendants Linville Memorial Funeral Home, Brad Linville, and/or Madonna Linville impermissibly, unlawfully, and without authorization accessed Plaintiff's voicemail messages stored on Funeral Call's electronic communication system through the use of their personal and/or business cellphones as well as from the main business line for Defendant Linville Memorial Funeral Home.

45.     Defendants Linville Memorial Funeral Home, Brad Linville, and/or Madonna Linville impermissibly, unlawfully, and without authorization accessed Plaintiff's voicemail messages stored on Funeral Call's electronic communication system on hundreds of occasions from April 2015 through December 9, 2017.

46.     Defendants Linville Memorial Funeral Home, Brad Linville, and/or Madonna Linville impermissibly, unlawfully, and without authorization accessed Funeral Call's electronic communication system to obtain Plaintiff's messages, to alter Plaintiff's messages, and/or to prevent Plaintiff's authorized access to its messages while stored on Funeral Call's electronic storage system.

47.     The unauthorized access by Defendants Linville Memorial Funeral Home, Brad Linville, and/or Madonna Linville that impermissibly, unlawfully, and without authorization

accessed Funeral Call's electronic communication system to obtain Plaintiff's messages, to alter Plaintiff's messages, and/or to prevent Plaintiff's authorized access to its messages while stored on Funeral Call's electronic storage system proximately caused Plaintiff harm and actual damages in the form of expenditures on the investigation into the unauthorized access of its stored communications with Funeral Call, expenditures on corrective measures, expenditures for counsel regarding the incident, reputational damage, lost business, lost business opportunities, anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions.

WHEREFORE, Plaintiff demands judgment against Defendants Linville Memorial Funeral Home, Brad Linville, and/or Madonna Linville for actual, compensatory, statutory and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief.

## COUNT II

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

48.     Plaintiff is and was involved in ongoing business relations with nursing facilities and hospitals in the area of Elmore County and the surrounding area in which the facilities would contact Plaintiff when there was a body to be picked up and transported to Plaintiff's funeral home for funeral services.

49.     Brad Linville and Madonna Linville knew of these relationships and Plaintiff's operations both having been employed by Plaintiff in the funeral services industry.

50.     Defendants Brad Linville and Madonna Linville knew Plaintiff's operating procedures, including the practice of checking with its answering service, Funeral Call, to obtain information regarding new business for its funeral services.

9

51.    Defendants Brad Linville and Madonna Linville knew that obtaining the voicemails from Funeral Call was a major source of Plaintiff's business.

52.    Defendants Brad Linville and Madonna Linville left the employ of Plaintiff to create their own competing funeral service business, Defendant Linville Memorial Funeral Home, in the same vicinity and territory as Plaintiff.

53.    Defendants Brad Linville and/or Madonna Linville in their individual capacities as well as their capacities as employees/agents of Defendant Linville along with other employees and/or agents of Defendant Linville unlawfully and illegally accessed without authorization the stored electronic voicemails stored on Funeral Call's electronic communication platform for Plaintiff.

54.    Defendants Brad Linville and/or Madonna Linville in their individual capacities as well as their capacities as employees/agents of Defendant Linville along with other employees and/or agents of Defendant Linville used the unauthorized access to the stored electronic voicemails to unlawfully obtain information regarding Plaintiff's business.

55.    Defendants Brad Linville and/or Madonna Linville in their individual capacities as well as their capacities as employees/agents of Defendant Linville along with other employees and/or agents of Defendant Linville were not authorized to access Plaintiff's voicemails and knew they were not authorized to do so when they accessed Plaintiff's voicemails on Funeral Call's system.

56.    Defendants Brad Linville and/or Madonna Linville in their individual capacities as well as their capacities as employees/agents of Defendant Linville along with other employees and/or agents of Defendant Linville unlawfully interfered with Plaintiff's business relations and in so doing proximately caused damages to Plaintiff in the form of expenditures on the

10

investigation into the unauthorized access of its stored communications with Funeral Call, expenditures on corrective measures, expenditures for counsel regarding the incident, reputational damage, lost business, lost business opportunities, anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions.

WHEREFORE, Plaintiff demands judgment against Defendants Linville Memorial Funeral Home, Brad Linville, and/or Madonna Linville for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.   Further, Plaintiff prays for further and other just and equitable relief.

## COUNT III

## INVASION OF PRIVACY

57.    Defendants Brad Linville and/or Madonna Linville in their individual capacities as well as their capacities as employees/agents of Defendant Linville along with other employees and/or agents of Defendant Linville unlawfully intruded upon the seclusion of Plaintiff's private affairs when they each and/or all unlawfully accessed Plaintiff's voicemails on Funeral Call's system with the knowledge they were not authorized to do so.

58.    Defendants Brad Linville and/or Madonna Linville in their individual capacities as well as their capacities as employees/agents of Defendant Linville along with other employees and/or agents of Defendant Linville unlawfully discovered Plaintiff's private affairs through wiretapping or eavesdropping by illegally and unlawfully accessing Funeral Call's voicemail system to obtain the messages meant only for Plaintiff which directly pertained to Plaintiff's business, and by which Plaintiff obtained its business – akin to the electronic version of opening Plaintiff's private mail.

11

59.     Defendants Brad Linville and/or Madonna Linville in their individual capacities as well as their capacities as employees/agents of Defendant Linville along with other employees and/or agents of Defendant Linville unlawfully invaded Plaintiff's privacy as enumerated in this Count and in so doing proximately caused damages to Plaintiff in the form of expenditures on the investigation into the unauthorized access of its stored communications with Funeral Call, expenditures on corrective measures, expenditures for counsel regarding the incident, reputational damage, lost business, lost business opportunities, anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions.

WHEREFORE, Plaintiff demands judgment against Defendants Linville Memorial Funeral Home, Brad Linville, and/or Madonna Linville for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.    Further, Plaintiff prays for further and other just and equitable relief.

## COUNT IV

## TRESPASS TO CHATTELS

60.     Defendants Brad Linville and/or Madonna Linville in their individual capacities as well as their capacities as employees/agents of Defendant Linville along with other employees and/or agents of Defendant Linville unlawfully interfered and committed a taking with Plaintiff's use of its voicemail service with Funeral Call by repeatedly calling into Plaintiff's service with Funeral Call and listening to Plaintiff's voice messages without authorization which constituted an intrusion upon and occupation of Plaintiff's private, confidential, and exclusive voicemail service, which actions Defendant Linville participated in, aided, directed, and/or ratified.

12

61.     Defendants Brad Linville and/or Madonna Linville in their individual capacities as well as their capacities as employees/agents of Defendant Linville along with other employees and/or agents of Defendant Linville called into Plaintiff's private, exclusive, and confidential voicemail service with Funeral Call without authorization and unlawfully interfered with Plaintiff's possession of its voicemails for its business and took away the use of its voicemail system while doing so.

62.     This interference by Defendants Brad Linville and/or Madonna Linville in their individual capacities as well as their capacities as employees/agents of Defendant Linville along with other employees and/or agents of Defendant Linville with Plaintiff's voicemail service at Funeral Call by calling into Plaintiff's voicemail without authorization caused Plaintiff's voicemail service to be tied up and not available for authorized retrieval of voice messages and was a taking, an occupation of and unlawful interference with Plaintiff's enjoyment of its property.

63.     The unauthorized calls into Plaintiff's voicemail system by Defendants Brad Linville and/or Madonna Linville in their individual capacities as well as their capacities as employees/agents of Defendant Linville along with other employees and/or agents of Defendant Linville and their unlawful obtaining, alteration, or use of voicemails exclusively for Plaintiff unlawfully interfered with, disrupted, and/or barred Plaintiff's access to its voicemail service.

64.     The intentional dispossession, obtaining, alteration, and/or use of Plaintiff's use of its voicemail system when Defendants Brad Linville and/or Madonna Linville in their individual capacities as well as their capacities as employees/agents of Defendant Linville along with other employees and/or agents of Defendant Linville intentionally took control of Plaintiff's voicemail

13

system with Funeral Call affected Plaintiff's possessory interests in its voicemail service without authorization or consent.

65.     Defendants Brad Linville and/or Madonna Linville in their individual capacities as well as their capacities as employees/agents of Defendant Linville along with other employees and/or agents of Defendant Linville knew or should have known accessing, obtaining, altering, or otherwise using Plaintiff's private voicemails for its business would and did physically interfere with Plaintiff's use of its voicemail system as was Defendants' intention, which actions Defendant Linville participated in, aided, directed, and/or ratified.

66.     Plaintiff was intentionally deprived the use of its voicemail service with Funeral Call when Defendants Brad Linville and/or Madonna Linville in their individual capacities as well as their capacities as employees/agents of Defendant Linville along with other employees and/or agents of Defendant Linville accessed without authorization or consent Plaintiff's voicemails and caused harm to Plaintiff by depriving it of its ability to access, obtain, or otherwise use its voicemail service causing Plaintiff to suffer damages, which actions Defendant Linville participated in, aided, directed, and/or ratified.

67.     As a result, Plaintiff was damaged by these actions of Defendants Brad Linville and/or Madonna Linville in their individual capacities as well as their capacities as employees/agents of Defendant Linville along with other employees and/or agents of Defendant Linville as they impaired Plaintiff's use of its property and caused the loss of its use as well as the when accessing Plaintiff's voicemail service with Funeral Call without authorization or consent.

WHEREFORE, Plaintiff demands judgment against Defendants Linville Memorial Funeral Home, Brad Linville, and/or Madonna Linville for actual, compensatory, and/or punitive

14

damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.    Further, Plaintiff prays for further and other just and equitable relief.

Wesley L. Phillips (PHI053)
Vincent L. Adams (ADA071)
Attorneys for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, AL   35236
Telephone: 205-383-3585
Facsimile: 800-536-0385
wlp@wphillipslaw.com

OF COUNSEL:
ADAMS LAW GROUP, LLC
2100 SouthBridge Parkway, Ste 650
Birmingham, Alabama 35209
Telephone: (205) 414-7421
Facsimile: (866) 729-9203

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury.

OF COUNSEL

## PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:

Linville Memorial Funeral Home, Inc.
c/o Madonna Linville
84632 Tallassee Highway
Eclectic, AL 36024

15

Madonna Linville
84632 Tallassee Highway
Eclectic, AL 36024

Brad Linville
84632 Tallassee Highway
Eclectic, AL 36024