IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JEFFCOAT ENTERPRISES, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO.:  2:19-CV-431 |
| v. | ) |
| | ) |
| **LINVILLE MEMORIAL FUNERAL HOME, INC., BRAD LINVILLE, and MADONNA LINVILE,** | ) ) ) |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANT MADONNA LINVILLE

Defendant, Madonna Linville, state the following as her answer to the Complaint in this matter.  The paragraphs below correspond to the numbered paragraphs of the Complaint.

## PARTIES

1. Defendant admits that Plaintiff, Jeffcoat Enterprises, Inc., is an Alabama corporation with its principle place of business in Elmore County, Alabama, and was doing business at the time relevant to the Complaint.

2. Defendant admits that Defendant Linville Memorial Funeral Home, Inc. is an Alabama corporation with its principal place of business in Eclectic, Alabama, and was doing business in Elmore County at all times relevant to this Complaint.

3. Defendant Madonna Linville admits that Defendant Brad Linville lives in Elmore County, Alabama.  The remaining allegations of this paragraph are vague and conclusory, and so are denied, and strict proof demanded thereof.

...

4. Defendant Madonna Linville admits that she resides in Elmore County, Alabama. The remaining allegations contained in paragraph 4 are vague and conclusory, and so are denied, with strict proof demanded thereof.

## JURISDICTION AND VENUE

5. Defendant concedes that jurisdiction is proper in this court.

6. Defendant concedes that venue is proper in this district.

## FACTS

7. Admitted.

8. Admitted.

9. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 9 and, demands strict proof thereof.

10. Admitted.

11. Defendant is without sufficient information either to admit or deny the allegations contained in paragraphs 11 and, demands strict proof thereof.

12. Defendant is without sufficient information either to admit or deny whether Jeffcoat intended to keep all of its passcodes to its voicemail system private and confidential. Defendants admit that they knew of or used account numbers for Jeffcoat's voicemail service while employed by Jeffcoat.

13. Defendant is without sufficient information to admit or deny the allegations in paragraphs 13, and therefore deny the allegations and demand strict proof thereof.

14. Defendant admits that the answering service used by Jeffcoat is designed for the funeral home industry, and many funeral homes throughout the industry, including Alabama, use the service.

15. Admitted.

16. Defendant admits that Linville Funeral Home operates in Eclectic, Alabama. The remainder of this paragraph is vague, as the terms "same general area" and "competition" are not defined, as such, Defendant demands strict proof of the allegations in this paragraph.

17. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 17. Moreover, the term "well known" is vague, and Defendant denies the allegation relating to whether Jeffcoat is well known, and demands strict proof thereof.

18. Admitted.

19. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 19, and demands strict proof thereof.

20. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 20, and demands strict proof thereof.

21. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 21, and demands strict proof thereof.

22. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 22, and demands strict proof thereof.

23. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 23, and demands strict proof thereof.

24. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 24, and demands strict proof thereof.

25. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 25, and demands strict proof thereof.

26. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 26, and demands strict proof thereof.

27. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 27, and demands strict proof thereof.

28. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 28, and demands strict proof thereof.

29. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 29, and demands strict proof thereof.

30. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 30, and demands strict proof thereof.

31. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 31, and demands strict proof thereof.

32. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 32, and demands strict proof thereof.

33, Defendant is without sufficient information to admit or deny the allegations contained in paragraph 33, and demands strict proof thereof.

34. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 34, and demands strict proof thereof.

35. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 35, and demands strict proof thereof.

36. Paragraph 36 of the Complaint inaccurately describes how the voicemails were tracked and saved on the system. Defendant denies same, and demands strict proof thereof.

37. Defendant denies the allegations contained in paragraph 37, and demands strict proof thereof.

38. Defendant admits that Brad and Madonna Linville were equity owners and employees of Linville Memorial Funeral Home at all times. Defendant denies the remaining allegations contained in paragraph 38, and demands strict proof thereof.

39. Defendant denies the allegations contained in paragraph 39, and demands strict proof thereof.

40. Defendant denies the allegations contained in paragraph 40, and demands strict proof thereof.

41. Defendant denies the allegations contained in paragraph 41, and demands strict proof thereof.

## COUNT I
## VIOLATIONS OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. § 2701, ET SEQ.

42. Paragraph 41 states a legal conclusion to which no responsive pleading is due.

43. Defendant denies the allegations contained in paragraph 43, and demands strict proof thereof.

44. Defendant denies the allegations contained in paragraph 44, and demands strict proof thereof.

45. Defendant denies the allegations contained in paragraph 45, and demands strict proof thereof.

46. Defendant denies the allegations contained in paragraph 46, and demands strict proof thereof.

47. Defendant denies the allegations contained in paragraph 47, and demands strict proof thereof. Further, Defendant denies that Plaintiff is entitled to any of the relief sought in this paragraph.

## COUNT II
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

48. Admitted.

49. In response to paragraph 49, Defendant state that she knew Plaintiff had some relationship with nursing and hospital facilities in the area of Elmore County, Alabama. Further, Defendant has no knowledge of the extent of those relationships.

50. In response to paragraph 50, Defendant states that she had no knowledge of Plaintiff's operation procedures after she left the employ of Plaintiff.

51. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 51, and so deny same, and demands strict proof thereof.

52. Defendant denies the allegations contained in paragraph 52, except that she did leave the employ of Plaintiff. With the respect to the remaining allegations contained in paragraph 52, Defendant denies the allegations, and demands strict proof thereof.

53. Defendant denies the allegations in paragraph 53, and demands strict proof thereof.

54. Defendant denies the allegations in paragraph 54, and demands strict proof thereof.

55. Defendant denies the allegations in paragraph 55, and demands strict proof thereof.

56. Defendant denies the allegations in paragraph 56, and demands strict proof thereof.  Further, Defendant denies that Plaintiff is entitled to any of the relief sought under paragraph 56.

## COUNT III
## INVASION OF PRIVACY

57. Defendant denies the allegations in paragraph 57, and demands strict proof thereof.

58. Defendant denies the allegations in paragraph 58, and demands strict proof thereof.

59. Defendant denies the allegations in paragraph 59, and demands strict proof thereof.  Further, Defendant denies the Plaintiff is entitled to any of the relief sought under paragraph 59.

## COUNT IV
## TRESPASS TO CHATTELS

60. Defendant denies the allegations in paragraph 60, and demands strict proof thereof.  Further, Defendant denies that Plaintiff is entitled to any of the relief sought in this paragraph.

## AFFIRMATIVE DEFENSES

1. Plaintiffs are barred in whole or in part by the doctrine of laches, estoppel and/or abandonment.

2. Plaintiff's claim is barred because it cannot establish that any violation was willful, and that any violation caused any actual damage.

4. Plaintiff has failed to mitigate its damages.

5. Plaintiff has failed to comply with all applicable conditions preceding to asserting the claims brought herein.

6. Plaintiffs have not complied with the statutory prerequisites to bring suit, and this action is barred at the statute of limitations.

7. Plaintiff's claims are barred in whole or in part, to the extent Plaintiff seeks cumulative remedies.

8. Defendant further reserves all separate further defenses that she may have against Plaintiff, and reserves the right to raise other affirmative defenses as may be established through discovery in this case.

Respectfully submitted,

*/s/* Roger C. Appell
Roger C. Appell
Attorney for Defendant Madonna Linville
301-19th Street North
Birmingham, AL 35203
(205) 252-9462
rogercappell@aol.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the court using the CM/ECF system and service will be perfected upon the following on this the 7th day of August, 2019:

Mr. Wesley L. Phillips
Phillips Law Group, LLC
Post Office Box 362001
Birmingham, Alabama  35236

Mr. Vincent L. Adams
Adams Law Group, LLC
2100 SouthBridge Parkway, Suite 650
Birmingham, Alabama  35209

Brian M. Clark, Esq.
Wiggins Childs Pantazis
301-19th Street North
Birmingham, AL 35203

                                      */s/* Roger C. Appell
                                      Roger C. Appell